CLAUDE DEWITT v. THE STATE.

No. 12899. Delivered January 22, 1930.
Reported in 24 S. W. (2d) 403.

The opinion states the case.

*Jerome Sneed, Jr.,* of Austin, for appellant.

*Henry H. Brooks,* District Attorney of Austin and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, two years in the penitentiary.

Witness Harner parked a truck at the corner of East Second Street and Congress Avenue in the City of Austin, which contained a quantity of automobile casings. He left his truck for about fifteen minutes and upon his return, five automobile casings had been taken therefrom. He testified that their aggregate value was $58.70. The matter was immediately reported and appellant and a companion were apprehended a few minutes thereafter a short distance away where five new casings had just been sold, the same size as those stolen. Accused by the purchaser at the time, appellant's companion admitted they were stolen and repaid the money.

Appellant introduced evidence tending to show that the tires were taken from the truck by his companion without his knowledge and consent, but admits that he transported them to the purchaser's place of business but claims that he did so because his companion was drinking and was very disagreeable.

Appellant insists the evidence is insufficient, relying chiefly upon a statement testified to by the purchaser of the tires to the effect that he, appellant, said at the time of their sale that they were stolen and that he had nothing to do with them and that he received none of the proceeds. Taking the testimony as a whole, we think the evidence is sufficient, particularly since the testimony introduced by the appellant himself shows that the property was stolen. The jury probably concluded, as it had a right to do, that a purchaser who bought automobile tires under the facts shown in this record would and did fabricate to the extent of testifying to what accused said at the time of the sale, already referred to. His credibility was a matter for the jury. They were not bound to accept as true this particular portion of the witness' testimony.

It is vigorously contended that the District Attorney's comment during his argument to the jury upon appellant's having failed to testify to his defense before the grand jury was such an allusion to

appellant's failure to testify as constituted reversible error. It appears that appellant was before the grand jury, whether voluntary or not is not shown. Taking the stand as a witness in this case, he was asked by the District Attorney and answered without objection that he did not tell the story to the grand jury that he was then telling from the witness stand. With this as a basis the District Attorney referred to his testimony as above indicated. This was not error. If appellant voluntarily appeared before the grand jury and gave testimony, he could be impeached by a showing that such testimony was at variance with his testimony on the trial or that he failed to there reveal material defensive matter. Branch's P. C., Sec. 147; Huffman v. State, 28 Tex. Crim. App. 177. The defendant as a witness is governed by the same rules pertaining to ordinary witnesses, with certain exceptions. Appellant's bill fails to bring him within any of these exceptions.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.